1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Sandra Zinn,                              No. CV-17-03037-PHX-DLR

10              Plaintiff,                      **ORDER**

11   v.

12   ADT LLC of Delaware (FN), et al.,

13              Defendants.

14

15

16         At issue is Defendant ADT LLC of Delaware (FN)'s motion for judgment on the

17   pleadings, which is fully briefed. (Docs. 10, 16, 19.) For the following reasons, the

18   motion is granted.

19   **I. Background**

20         Plaintiff Sandra Zinn, an Arizona resident, claims several individuals intruded on

21   her residence in Pinnacle Peak Country Club Estates on April 24, 2016. Plaintiff claims

22   the intrusion resulted in damage to her personal property and emotional distress—totaling

23   at least $200,000 in damages. Prior to the intrusion, Plaintiff entered into a Residential

24   Services Contract ("Contract") with Defendant. The Contract stipulated that Defendant

25   would provide security services, including an alarm system, to Plaintiff's residence in

26   exchange for a monthly fee of $40.99. Defendant, however, did not detect or respond to

27   an intrusion on April 24, 2016.

28         On June 13, 2017, Plaintiff filed this action in state court claiming that Defendant

1  acted negligently with respect to its duty to provide alarm services, and that Defendant's

2  negligence proximately caused Plaintiff's injuries.  Defendant removed the action

3  pursuant to this Court's diversity jurisdiction.  Defendant now seeks judgement in its

4  favor pursuant to Federal Rule of Civil Procedure 12(c).

5  **II.  Legal Standard**

6  A motion for judgment on the pleadings under Rule 12(c) "is properly granted

7  when, taking all the allegations in the non-moving party's pleadings as true, the moving

8  party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698,

9  699 (9th Cir. 1999).  "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the

10  same standard of review' applies to motions brought under either rule." *Cafasso v. Gen.*

11  *Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler*

12  *Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Thus, a motion for judgment on

13  the pleadings should not be granted if the complaint is based on a cognizable legal theory

14  and contains "sufficient factual matter, accepted as true, to state a claim to relief that is

15  plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

16  marks and citation omitted).

17  Ordinarily, when ruling on a motion for judgment on the pleadings, "the scope of

18  review . . . is limited to the contents of the complaint." *Marder v. Lopez,* 450 F.3d 445,

19  448 (9th Cir. 2006).  Other evidence may be considered, however, "[i]f the documents'

20  'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on

21  them." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP,*

22  *Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988)).  Accordingly, in ruling on Defendant's

23  motion the Court will consider the Contract because its authenticity is not contested, and

24  Plaintiff's complaint necessarily relies on its terms and conditions.

25  **III.  Discussion**

26  Defendant argues that Plaintiff's negligence claim fails as a matter of law both

27  because Arizona recognizes no common law duty under these circumstances and because

28

1 Plaintiff's claim is untimely. The Court agrees.[1]

2 ### A. Negligence

3 Plaintiff claims that Defendant owed her a duty of care based on Defendant's

4 relationship to her as her home security provider. Plaintiff further asserts that Defendant

5 breached that duty by failing to detect or respond to the home intrusion. Defendant

6 argues that Plaintiff's negligence claim fails as a matter of law because Defendant did not

7 have a duty to provide alarm services independent of the Contract.

8 In Arizona, "a breach of contract is not a tort unless the law imposes a duty on the

9 relationship created by the contract which exists apart from the contract." *See Flores v.*

10 *ADT Sec. Servs., Inc.,* No. CIV 10-036-TUC-FRZ (GEE), 2010 WL 6389598, at *5 (D.

11 Ariz. June 28, 2010) (quoting *Aspell v. Am. Contract Bridge League,* 595 P.2d 191, 194

12 (Ariz. Ct. App. 1979). Arizona law does not impose a duty on the relationship between a

13 provider of security services and a contracting residence owner. *Id.*; *see also Valenzuela*

14 *v. ADT Sec. Servs., Inc*, 475 Fed. App'x 115, 117 (9th Cir. 2012) (affirming the district

15 court's grant of summary judgment on the plaintiff's gross negligence claim because the

16 alarm service provider's duty to provide security services "arose solely from its

17 contractual relationship . . . not form any duty independent of the parties' contract.").

18 Accordingly, Defendant is entitled to judgment on Plaintiff's negligence claim because

19 Arizona imposes no duty of care on Defendant independent of the Contract.

20 ### B. Timeliness

21 Defendant also argues that Plaintiff's negligence claim—as well as any potential

22 breach of contract claim she might wish to bring in an amended pleading—is barred by

23 the one-year limitations period in the Contract. Defendant directs the Court to the

24 following paragraph of the Contract:

25 TIME TO FILE LAWSUIT OR OTHER ACTION. YOU

---

26 [1] Defendant also asserts that the Contract limits any recovery to $500 and, therefore,
27 the Court should dismiss those portions of Plaintiff's claim that seek damages exceeding
this amount. Because the Court finds Defendant is entitled to judgment on the pleadings,
28 it need not address Defendant's alternative argument.

AGREE TO FILE ANY LAWSUIT OR OTHER ACTION YOU MAY HAVE AGAINST US OR OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR PARENT COMPANIES WITHIN ONE (1) YEAR FROM THE DATE OF THE EVENT THAT CAUSED THE LOSS, DAMAGE OR LIABILITY.

(Doc. 10-1 at 4.) It is undisputed that the alleged home intrusion occurred on April 24, 2016, and that Plaintiff brought suit on June 13, 2017—over one year later. Plaintiff argues, however, that the contractual limitations period is invalid in light of "public policy imperatives, and questions of fact." (Doc. 16 at 5.)

It is firmly established in Arizona that parties may contractually agree to shorten the statute of limitations period that normally applies to claims. *See Zuckerman v. Transamerica Ins. Co.*, 650 P.2d 441, 446 (Ariz. 1982); *Herstam v. Deloitte & Touche, LLP,* 919 P.2d 1381, 1386 (Ariz. Ct. App. 1996). Further, parties to a standardized contract generally are bound by its terms. *See Huff v. Bekins Moving & Storage Co.*, 702 P.2d 1341, 1343 (Ariz. Ct. App. 1985). Contractual terms will not be enforced, however, if they are unconscionable, against public policy, or go beyond the range of the parties' reasonable expectations. *See Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 682 P.2d 388, 396 (Ariz. 1984); *Zuckerman*, 650 P.2d at 445. When determining whether a contractual term undermines a party's reasonable expectations, the Court considers "factors such as whether both parties had an opportunity to read the term, whether it was hidden from view, whether it is bizarre or oppressive, or whether it eliminates the dominant purpose of the transaction." *Halley Equip. Leasing, LLC v. Honeywell Int'l*, No. CV09-01487-PHX-ROS, 2010 WL 11515659, at *3 (D. Ariz. Mar. 31, 2010) (citing *Darner*, 682 P.2d at 396).

Plaintiff points to nothing in the record that suggests the Contract's statute of limitations provision is unconscionable or beyond her reasonable expectations. She does not assert that she was unable to read the Contract, or that the statute of limitations provision was hidden, oppressive, or eliminated the purpose of the transaction. Plaintiff also fails to identify any public policy concerns that suggest a one-year limitations period

in an alarm services contract should not be enforced.  Notably, other courts have found that "[a] one-year limitations period is not substantively unreasonable." *Wine Styles, Inc. v. GoDaddy.com, LLC*, No. CV 12-583-PHX-SRB, 2012 WL 8254047, at *3 (D. Ariz. Aug. 15, 2012) (citing *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995)).  Under these circumstances, the Court finds that the Contract's one-year limitations period is enforceable and Plaintiff's complaint, therefore, is untimely.

## IV.  Conclusion

For these reasons, the Court concludes that Plaintiff's complaint fails to state a cognizable negligence claim because Arizona does not does not impose a duty on the relationship between a provider of security services and a contracting residence owner independent of the parties' contract.  The Court also finds that Plaintiff's complaint cannot be cured by a permissible amendment because she brought her lawsuit outside the one-year limitations period contained within the Contract.

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 10) is **GRANTED**.  The Clerk of the Court shall enter judgment in favor of Defendant and terminate this case.

Dated this 23rd day of January, 2018.

Douglas L. Rayes
United States District Judge